Robert G. Main, Jr., Esq. Village Attorney, Malone
You ask whether the clerk of a village justice court may prepare summonses for both corporate and individual plaintiffs, arrange for service of process on behalf of plaintiffs, and prepare affidavits of service.
Section 401 of the Uniform Justice Court Act ("UJCA"), which is made applicable to village courts by section 2300 of that statute, provides that the clerk of a village court may issue the summons if the plaintiff appears without attorney. If the plaintiff has an attorney, the summons is issued by the attorney (UJCA, § 401[a]; Siegel, Practice Commentary, McKinney's Uniform Justice Court Act, §401, p 164). Since a corporation is required to appear by an attorney, except in defense of small claims actions (Civil Practice Law and Rules, § 321; UJCA, § 1809), it follows that the responsibility for issuing a summons on behalf of a corporate plaintiff in an action commenced in village court lies with the corporation's attorney, not with the clerk (see, UJCA, § 401[a]; Siegel, Practice Commentary, supra). We conclude that the clerk of a village court may prepare summonses for individual plaintiffs appearing without an attorney, but may not do so for corporate plaintiffs.
You also inquire whether the clerk may arrange for service of process on behalf of plaintiffs and prepare the affidavit of service.
The method of service in village court actions is the same as in supreme court practice, meaning that it is governed by the Civil Practice Law and Rules ("CPLR") (UJCA, § 403; Siegel, Practice Commentary, supra, p 166). CPLR, § 2103(a) provides that process may be served by any person over 18 and not a party. This includes the sheriff, who, as the enforcement officer of supreme court, is specifically authorized to serve process (CPLR, § 8011[c][1]). The enforcement officers of village court possess the same power to serve the processes of the court as sheriffs have with regard to the processes of supreme court (UJCA, §110[a]) and therefore may serve process within their territorial jurisdiction on behalf of plaintiffs (id., § 701; Siegel Practice Commentary, supra, p 171). There is no requirement, however, that process be served by the court's enforcement officers (UJCA, § 701[d]; Siegel, supra, p 171). This is entirely discretionary with the party requiring service (ibid.). Where process has been served by an enforcement officer, the party requiring service must pay that officer the same fees as a sheriff is entitled for service (UJCA, §1911[b]).
Where the plaintiff in a village court action is represented by an attorney, the attorney is responsible not only for issuing the summons, but also for arranging service of process. We are of the opinion that where an individual plaintiff in a village court action is not represented by an attorney, the clerk, in addition to issuing the summons, also may arrange for service in the sense that he may generally inform the plaintiff of the requirement and procedure for service and may also transmit the papers to the process server if requested to do so by the plaintiff. The choice of process servers, in instances where the court's enforcement officers also may be used, is within the discretion of the plaintiff (id., § 701 [d]); Siegel, supra, p 171). The plaintiff, of course, is responsible for the expense of service whether made by an enforcement officer or by another person qualified to serve process (see, id., § 1911[b]) and, where he prevails, or where costs are awarded is entitled to recover that expense from the defendant as a taxable disbursement (id., § 1908).
We also wish to point out that, once the papers have been transmitted by the clerk to the appropriate process server, it is the responsibility of the plaintiff to follow up the status of process with the process server and to ensure that service is completed and proof of service is filed with the clerk. UJCA, § 1402 provides that judgment may be entered as provided in CPLR, § 3215. Subdivision (e) of section 3215 requires that, on any application for judgment, the applicant "shall file proof of service." UJCA, § 409 (a) requires that this be done within six days after service. Subdivision (a) of section 3215 provides that the plaintiff is entitled to judgment upon application to the clerk and upon submission of the requisite proof. Once such proof has been submitted, the clerk has the ministerial duty of entering judgment (CPLR, §3215[a]). These provisions clearly establish the plaintiff's responsibility for service of process once the clerk has transmitted the papers for service.
As to the preparation of the affidavit of service, CPLR, § 306(d) provides that proof of service shall be in the form of a certificate if the service is made by the sheriff or other authorized public officer or in the form of an affidavit if made by any other person. UJCA, §409(b) provides that if service has been made by the court's enforcement officer, "his certificate shall be the equivalent of an affidavit of service." Under these provisions, the certificate or affidavit of service must be executed by the person who served process (Seigel, supra, p 168). We believe that the clerk may prepare the actual certificate itself for execution by the court's enforcement officer, since this appears to be within the scope of the clerk's duties as well as an appropriate expenditure of court funds.* We reach the opposite conclusion with respect to the clerk's preparation of the affidavit of service for a process server other than an enforcement officer. In our view, this would constitute an unauthorized act by the clerk and an improper expenditure of court funds. We understand it to be the practice of private process servers to provide their own affidavits of service.
We conclude that the clerk of a village court may prepare summonses and transmit them to a process server for service on behalf of individual plaintiffs appearing without an attorney, but may not do so for corporate plaintiffs. The clerk may prepare the certificate of service for execution by a court enforcement officer, unless otherwise prohibited by rule of the Administrative Board of Judicial Conference, but may not prepare the affidavit of service for a process server other than an enforcement officer.
* We note that the Administrative Board of the Judicial Conference is authorized to establish rules, not inconsistent with the CPLR or UJCA, governing the duties of village court clerks. We recommend that you consult with the Board to determine whether any rules have been adopted governing the clerk's preparation of the certificate of service for enforcement officers.